UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:07cr128/MCR/CJK
  3:16cv232/MCR/CJK

JULIUS ERVING COACHMAN,

　　Defendant.

_____/

REPORT AND RECOMMENDATION

　　Defendant Julius Erving Coachman has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 28). The court stayed the case pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (*See* ECF Nos. 32, 33, 35). After the *Beckles* decision issued, the Government filed a response in opposition. (ECF No. 36). Defendant filed a reply. (ECF No. 41). After a review of the record, the undersigned has determined that the motion is untimely and should be dismissed.

BACKGROUND and ANALYSIS

　　In November 2007, Defendant pleaded guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base and

a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (b)(1)(C). (ECF Nos. 20, 23). The court determined that Defendant should be treated as a career offender under United States Sentencing Guideline § 4B1.1(a). In so finding, the court adopted the findings of the Presentence Investigation Report ("PSR"), which included at least two prior felony convictions of a crime of violence or controlled substance offense, including a 1996 Florida conviction for principal to burglary of a dwelling and a 2003 conviction for the sale, manufacture or delivery of cocaine. (*See* ECF No. 29, PSR ¶¶ 24, 32, 50). The PSR calculated a Guideline range of 262 to 327 months' imprisonment based on a total offense level of 34 and a criminal history category of VI. (ECF No. 29, PSR ¶ 99). On February 20, 2008, the court sentenced Defendant to 262 months' imprisonment, followed by ten years of supervised release. (ECF Nos. 24, 25). Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction became final on March 5, 2008, and to have been timely

filed, a § 2255 motion had to be filed no later than one year from that date, or by March 5, 2009. Therefore, Defendant's motion dated May 19, 2016, and received by the clerk on May 25, 2016, is untimely on its face.[1]

In his motion, Defendant argues that the court erred in using his Florida burglary conviction as a predicate offense for enhancing the sentence as a career offender after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because burglary of a dwelling is no longer a crime of violence. (ECF No. at 28 at 4; 14-17). Defendant alleges that his motion is timely under *Johnson*. The court will address Defendant's motion to the extent necessary to explain why *Johnson* does not render the motion timely.

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 3:07cr128/MCR/CJK; 3:16cv232/MCR/CJK

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a "violent felony" under the ACCA includes an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause) or (ii) is burglary, arson, or extortion, involves the use of explosives (known as the enumerated offenses clause) or otherwise involves conduct that presents a serious potential risk of physical injury to another (known as the residual clause)." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court has held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Defendant argues that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." (ECF No. 28 at 14-15). *See* U.S.S.G. § 4B1.2(a). The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. The Court observed that the Guidelines merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range, rather than fixing the permissible range of sentences. (S*ee* ECF No. 36 at 5 (citing *Beckles*, 137 S. Ct. at 892)). The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at 894. Accordingly, as to the guidelines calculations, no due process challenge will lie. *See also United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).

## CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that

Case Nos.: 3:07cr128/MCR/CJK; 3:16cv232/MCR/CJK

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 28) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:07cr128/MCR/CJK; 3:16cv232/MCR/CJK